UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PATRICK HARRIS AND JULIA DAVIS-HARRIS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED <br><br> Plaintiffs <br><br> vs. <br><br> LAW OFFICE OF RICHELLE C. LESTER, PLLC <br><br> Defendant. | Case No.: <br><br> CIVIL COMPLAINT <br><br> AND <br><br> JURY TRIAL DEMAND |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Patrick Harris and Julia Davis-Harris (hereinafter "Plaintiffs"), bring this Complaint by and through their undersigned counsel against Defendant Law Office of Richelle C. Lister PLLC (hereinafter "Defendant") and allege as follows:

### JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by Defendant.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the acts and transactions occurred in this jurisdiction and because Defendant transacts business in this jurisdiction.

### PARTIES

4. Plaintiffs are natural persons who resides in Southfield, Michigan and are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

1

5. Defendant is a debt collection law firm that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 24901 Northwestern Highway, Suite 302, Southfield, MI 48075.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 6 herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Lochmoor Homeowner's Association assigned a consumer debt to Defendant for collection ("Alleged Debt").

9. The Alleged Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about April 8, 2017, Defendant sent a collection letter to Plaintiffs in an attempt to collect the Alleged Debt ("Collection Letter"), which is included herein as Exhibit "A".

11. The Collection Letter informs Plaintiffs that Defendant has received Plaintiffs' account from the original creditor and provides the alleged amount due.

12. The Collection Letter is the initial communication from Defendant to Plaintiffs regarding the debt.

13. The Collection Letter provides in pertinent part that:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of this notice, the debt will be assumed valid.

14. Upon information and belief, Defendant mails hundreds of such collection letters annually.

15. Defendant's Collection Letter fails to advise that only the debt collector may assume the debt is valid in the absence of a dispute from a consumer.

16. In addition, Defendant's Collection Letter asks for payment and states "Failure to do so within 14 days of the date of this letter will give the Association no other option to file a suit, foreclose on your Unit or any other remedy permitted by law."

17. Defendant's threat to file suit in the absence of payment within 14 days of the date of the collection letter overshadows Plaintiffs' right to dispute the debt within 30 days from receipt of the letter.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of themselves and all persons/consumers who live in the State of Michigan, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint ("Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds of persons, if not thousands, of persons have received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

19. This Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

20. The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons have received debt collection notices/letters/communications from Defendant that violate various provisions of the FDCPA.

21. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiffs and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

23. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692(k).

25. The members of the Class have claims that are unlikely to be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. Plaintiffs will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(3)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 30 herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's Collection Letter failed to advise that only a debt collector is entitled to assume the debt is valid in the absence of a dispute from a consumer.

33. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(3) which requires a statement that "unless the consumer, within thirty days, after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(b)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 33 herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's Collection Letter overshadowed Plaintiffs' right to dispute by threatening to file a lawsuit if payment was not received within 14 days of the date of the letter.

36. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(b) which prohibits the use of collection activities and communications during the thirty day period that overshadow or are inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury for all claims and issues in his Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant Law Office of Richelle C. Lester, PLLC as follows:

    A.    Certification of the class pursuant to Rule 23(b)(3);

    B.    Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

    C.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

    D.    For attorneys' fees, costs and disbursements;

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 11, 2017

    Respectfully submitted,

    By: _s/ Daniel Sweda_____
    Daniel Sweda Esq. P46591
    Daniel Sweda & Associates PLLC
    21650 West Eleven Mile Rd., Suite 200
    Southfield, MI 48076
    Telephone: 248-353-6726
    Email: dsweda@swedalaw.com

    Of Counsel to the Firm:
    Law Offices of Michael Lupolover, P.C.
    120 Sylvan Avenue, Suite 300
    Englewood Cliffs, NJ 07632
    Phone: 201-461-0059
    Facsimile: 201-608-7116