UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK HARRIS AND JULIA DAVIS-
HARRIS,

              Plaintiffs,

                v.

LAW OFFICE OF RICHELLE C. LESTER,
PLLC,

              Defendant.

_____/

Case No. 17-12244

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT ON SETTLEMENT [7]
AGREEMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16]
AS MOOT**

On July 11, 2017, Plaintiffs Julia Davis-Harris and Patrick Harris commenced
this fair debt collections case against Defendant Law Office of Richelle C. Lester,
PLLC. On October 27, 2017, the parties settled the case and entered a Stipulated
Order of Dismissal. (ECF No. 6). Under this Order [6], the parties bear their own
respective attorneys fees and this Court retains jurisdiction for settlement
enforcement. (*Id.*). On September 20, 2019, Plaintiff Julia Davis-Harris filed a
Motion for Default on Settlement Agreement [7]. In her Motion [7], Plaintiff claims
that Defendant charged her for its attorney fees, in violation of the parties' settlement
agreement. (ECF No. 7). On September 28, 2019, Defendant filed a Response [8]

denying Plaintiff's allegations. Plaintiff filed an Answer [10] on October 11, 2019. Defendant then filed a Supplemental Brief [13] on November 27, 2019. Plaintiff filed a Response [14] and Reply [15] on December 12 and 13 of 2019. Plaintiff then also filed a Motion for Summary Judgment [16] on January 29, 2020. For the reasons stated below, Plaintiff's Motion for Default on Settlement Agreement [7] is **DENIED** and Plaintiff's Motion for Summary Judgment [16] is **DENIED as moot**.

At issue is an invoice Defendant sent to Lochmoor Homeowners Association for its legal services, which Plaintiff claims Lochmoor is now charging her for. *See* (ECF No. 13-2); (ECF No. 15, PageID.118-20). Although sent during the pendency of this case, upon review of the record provided by the parties, the Court finds that the invoice in question is for Defendant's services on a different case in Oakland County Circuit Court and that Defendant has not defaulted on the parties' settlement agreement in this Court.

In or around March 2017, Defendant represented Lochmoor in a suit against Plaintiff and Charlene Fluxer for fraudulently conducting business under the guise of being Lochmoor board members. *See* (ECF No. 13-2). On April 5, 2017, Oakland County Circuit Court granted Lochmoor's request for a preliminary injunction against Ms. Davis-Harris and her co-defendant and closed the case. (*Id.*). The court ordered, *inter alia*, that no costs or attorney fees would be charged to defendants Ms. Davis-Harris and Charlene Fluxer. (*Id.*). Accordingly, on August 1, 2017, two

months before the parties reached a settlement agreement in this case, Defendant Law Office of Richelle C. Lester sent an invoice to Lochmoor totaling $1,025 for its representation in the state court case. (ECF No. 13-3). On August 18, 2017, Lochmoor sent Plaintiff an invoice for association dues, late fees, and attorney fees. (ECF No. 15, PageID.118-20). The attorney fees totaled $2,671. (*Id.*).

It is not clear what legal fees this latter invoice is referring to. However, both invoices were sent two months before the parties in this case settled and agreed to pay their respective fees and do not appear to have any connection to this case. There is no evidence that Defendant has ever sent an invoice directly to Plaintiff for its costs and fees; and each invoice in question involves the Lochmoor Association, which is not, and has never been, a party to this case. This Court does not have jurisdiction to address Plaintiff's challenge to Lochmoor's billing practices and any possible violation of another court's order. Therefore, the Court finds that Defendant has not defaulted on the parties' settlement agreement.

Defendant additionally requests that Plaintiff pay its attorney fees for litigating Plaintiff's Motion for Default on Settlement Agreement [7]. Considering that no judgment has been issued against Plaintiff and Defendant has failed to meet the parameters of FED. R. CIV. P. 54 (d)(2), the request is denied.

**IT IS ORDERED** that Plaintiff's Motion for Default on Settlement Agreement [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED as moot**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 29, 2021          Senior United States District Judge